UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 15- 579 EMC |
| Plaintiff, | [~~PROPOSED~~] |
| v. | **DETENTION ORDER** |
| BRIGIDO RANGEL, | |
| Defendant. | |

## I. BACKGROUND

Defendant Brigido Rangel is charged in an indictment with violations of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute heroin and methamphetamine) and 21 U.S.C. § 841 (possession with intent to distribute 1 kilogram or more of heroin and 50 grams or more of methamphetamine). The government moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pre-Trial Services prepared a preliminary bail study. On January 13, 2015, the parties appeared before the Court. Defendant was present, represented by Darlene Comstedt. Assistant United States Attorney Frank Riebli appeared for the government. For the reasons stated below, the Court orders that Defendant be detained.

///

## II.  LEGAL ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142(f), requires that the government prove by a preponderance of the evidence that there are no conditions that reasonably will assure the Defendant's appearance as required, and that the government prove by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community.  In cases such as this, where there is probable cause to believe that the Defendant committed a violation of the Controlled Substances Act and faces a maximum of 10 years or more in prison, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the Defendant's appearance as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).  The presumption of detention shifts the burden of production to the defendant; the ultimate burden of persuasion remains with the government, however.  See United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008).  The presumption retains evidentiary weight, id., and the defendant must show "some credible evidence" to rebut it, United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases."  Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.  18 U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407.  Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f).

In this case, the complaint alleged that on August 12, 2015, the Defendant participated in supplying one of his co-defendants with 18.82 kilograms of black tar heroin, 1.97 kilograms of white powder heroin and 9.77 kilograms of 99.1% pure methamphetamine.  Pre-Trial conducted a bail study and recommended detention, finding that there were no conditions that reasonably would assure the

Defendant's appearance as directed. Specifically, Pre-Trial found that the Defendant is a Mexican citizen and still has significant ties in Mexico, and traveled back and forth from the United States to Mexico every year for almost 20 years, until approximately 2002. Pre-Trial also found that the Defendant's residential history was uncertain and that, if released, it was unclear where the Defendant would live. In addition, Pre-Trial found that the Defendant had no bail resources, no sureties or co-signers, and was unable to provide contact information for anyone who could verify any of the information he provided.

### III.  CONCLUSION

Having considered the nature and circumstances of the instant offense and the weight of the evidence, the lack of verified information about the Defendant's residence history, a specific location where he could reside if released, and sureties or co-signers, and in light of the other facts Pre-Trial listed, the Court finds that the Defendant has not rebutted the presumption that he poses a risk of non-appearance. These findings are without prejudice to the Defendant's seeking release if he presents new or different information to the Court, including information regarding potential sureties, the Defendant's history and a place he may reside if released." For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court or the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 1, 2016

_____
HON. SALLIE KIM
United States Magistrate Judge